UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KRISTEN ESPINOZA,

    **Plaintiff,**

CASE NO.:

v.

REGENCY HOSPICE OF
NORTHWEST FLORIDA, INC.,

    **Defendant.**

_____/

### DEFENDANT REGENCY HOSPICE OF NORTHWEST FLORIDA, INC.'s NOTICE OF REMOVAL

Defendant, REGENCY HOSPICE OF NORTHWEST FLORIDA, INC. ("Defendant"), pursuant to Title 28 of the United States Code §§ 1332, 1441 and 1446 and Rule 7.2 of the Local Rules of the United States District Court for the Northern District of Florida, gives notice of removing the action filed by Plaintiff, Kristen Espinoza ("Plaintiff"), in the First Judicial Circuit Court, in and for Walton County, Florida, to the United States District Court for the Northern District of Florida, Pensacola Division.  The grounds for removal are set forth below.

### I.    PROCEDURAL BACKGROUND

1.    Plaintiff filed a Complaint and Demand for Jury Trial in the Circuit Court of the First Judicial Circuit, in and for Walton County, Florida, captioned *Kristen Espinoza v. Regency Hospice of Northwest Florida, Inc.*, Case Number 2025-CA-

1

00559 (the "State Court Case").  A true and correct copy of all documents filed in the State Court Case is attached as **Composite Exhibit A**.

2.      Plaintiff seemingly seeks relief against Defendant for alleged violations of the Florida Private Whistleblower Act (the "FPWA"), as she cited Florida Statute § 448.102 related to retaliation by employers after an employee reports violations of laws, rules, and/or regulations by employers. *Id.*

3.      On December 17, 2025, Plaintiff served Defendant with a Summons and Complaint. No other process, pleadings or orders have been served upon Defendant in this action.

4.      Plaintiff seeks monetary damages and specified that the estimated amount of her claim exceeds $100,000. (**Exhibit A,** Civil Cover Sheet).  Plaintiff did not identify the specific categories of damages sought in her Complaint. (*See* **Exhibit A**, Complaint).

## II.      BASIS FOR REMOVAL OF STATE COURT ACTION

### A.      Complete Diversity Of Citizenship

5.      This Court has original jurisdiction over Plaintiff's action because diversity of citizenship exists and, as set forth in Section I, the amount in controversy exceeds $75,000.00.

6.      Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

7.     Plaintiff is a citizen of Florida. Per Plaintiff's Complaint, she resides in Florida. (*See* **Exhibit A**, Complaint ¶ 3).

8.     Pursuant to 28 U.S.C. § 1332(c)(1), "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business....".

9.     Defendant is a Delaware corporation with its principal place of business located at 3350 Riverwood Pkwy, #1400 Atlanta, GA, 30339. (*See* **Exhibit B**, Declaration at ¶ 2-3).

10.    There is diversity of citizenship between Plaintiff and Defendant in this action because Plaintiff is a citizen of the State of Florida and Defendant is incorporated in Delaware and its principal place of business is in Georgia.[1] (*See* **Exhibits A and B**).

## B.     Amount in Controversy

11.    Plaintiff's Civil Cover Sheet lists over $100,000 as the amount of the claim.

12.    Plaintiff's Civil Cover Sheet may be insufficient on its own to establish the amount of controversy required for removal.  *Unwin v. Hartford Ins. Co.*, No. 2:21-cv-135-SPC-NPM, 2021 U.S. Dist. LEXIS 69223, at *6-7 (M.D. Fla. Apr. 9, 2021). However, pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), the notice of removal may assert

---

[1] The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010).

the amount in controversy, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.

13.    "Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Mid-land Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

14.    A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, a removing defendant must simply prove that "the amount in controversy **more likely than not** exceeds . . . the jurisdictional requirement." *Roe*, 613 F.3d at 1061 (citations omitted) (emphasis added).

15.    "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Id.*

16.    While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061-62 (quoting *Pretka*, 608 F.3d at 754).

17.    Moreover, if a "removing defendant makes specific factual allegations establishing jurisdiction and can support them ... with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] [t]hat kind of reasoning is not akin to conjecture, speculation, or star gazing." *Pretka*, 608 F.3d at 754.

18.    A court "need not suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted).

> [W]hen it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for "employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant."

*Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, at *7-8 (M.D. Fla. July 14, 2014) (quoting *Roe*, 613 F.3d at 1064).

19.    The amount in controversy is "less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (quoting *Pretka*, 608 F.3d at 751) (internal quotations marks omitted).

5

20.    Here, a preponderance of the evidence clearly demonstrates that Plaintiff seeks in excess of the jurisdictional requirement of $75,000 for the following reasons:

a.    *Plaintiff's Back Pay and Front Pay*

21.    Plaintiff alleges that Defendant terminated her on June 20, 2025. (**Exhibit A**, Complaint at ¶ 6).

22.    Should Plaintiff prevail on her claims in the Complaint, she would be presumptively entitled to recover damages for compensation for lost wages. *See* Fla. Stat. § 448.103(2). Plaintiff was employed by Defendant Regency Hospice of Northwest Florida, Inc. as a Registered Nurse (RN) Executive Director, from approximately October 16, 2018, through June 20, 2025. *See* **Comp. Ex. A**, Compl. at ¶ 6; *See also*, **Ex. B** at ¶ 4. At the time of her separation of employment, Plaintiff was earning, on average, approximately $100,790 annually. *See* **Ex. B** at ¶ 5.

23.    For the purpose of estimating the amount in controversy, the potential back pay award may be computed from the date of the adverse employment action until the proposed trial date, less mitigation. *See Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *5 (M.D. Fla. Jan. 17, 2017); *Cashman v. Host, Int'l*, No. 8:10-cv-1197-T-30MAP, 2010 U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010). As such, Plaintiff's alleged back pay damages can be determined by calculating her purported lost wages from her last day of employment, June 20, 2025, through an estimated trial date which in this case may be conservatively estimated as October 2026, approximately twelve (12) months from the date of filing the complaint. *See Deel v. Metromedia Rest. Servs.*, No. 3:05-cv-120/MCR, 2006 U.S.

Dist. LEXIS 10174, n.8 (N.D. Fla. Feb. 27, 2006). Accordingly, Plaintiff's back pay damages through an October 2026 trial date would be approximately $134,387.

24.    In addition, for the purpose of estimating the amount in controversy in connection with removal based on diversity, the potential front pay award may be computed as the equivalent of one year of lost wages. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *5-*6. Based on her relevant wage information, *supra*, Plaintiff could receive $100,790 if awarded front pay.

25.    While Defendant maintains that Plaintiff should not receive any form of relief in this case, the potential back pay damages that Plaintiff put in controversy in this case alone exceed the minimum jurisdictional threshold of $75,000. When the potential back pay damages are combined with potential front pay damages, it is clear that, based on the wage-based damages at issue in this case, the amount in controversy requirement is satisfied.

### b.    *Emotional Distress Damages*

26.    Plaintiff seeks to recover compensatory damages, including damages for "emotional pain and suffering..." *See* **Comp. Ex. A**, Compl. at p. 8. Under the FWA, a prevailing plaintiff may be awarded compensatory damages, including damages for emotional distress. *See* § 448.103(2). The FWA does not cap compensatory damages. *Id.* When calculating the amount in controversy for compensatory damages, including those based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands

of dollars to the amount in controversy." *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *7. However, it is appropriate to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Simmons v. Wash. Mut. Fin., Inc.*, No. 8:06-CV-01613, 2007 WL 641101, *1 (M.D. Fla. Feb. 26, 2007); *Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Jury verdict reports in similar actions where compensatory damages were awarded confirm that prevailing plaintiffs in employment cases can, and have, recovered awards that satisfy or exceed the jurisdictional threshold in employment cases. *See, e.g., Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000) (upholding jury verdict awarding $150,000 in damages for mental anguish and intangible injuries); *Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress damages); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional damages awarded).

27.    It is reasonable to conclude that a modest award for compensatory damages of $20,000 to $30,000 in garden variety emotional distress should be taken into account in calculating the amount in controversy. *See Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J12HTS, 2007 WL 917354, *6-*7 (M.D. Fla. Mar. 23, 2007) (plaintiff's motion to remand denied where defendant showed amount in controversy met, in part, by reviewing compensatory damage awards in similar cases).

### c.    Attorney's Fees

28.    Plaintiff also seeks recovery of her attorney's fees for her claims. *See* **Comp. Ex. A**, Compl. at p. 8. An award of attorney's fees is permitted to a prevailing plaintiff under the FWA, § 448.104, Fla. Stat. Because Plaintiff has a statutory entitlement to reasonable attorney's fees if she prevails, the amount of those fees is properly included in calculating the amount in controversy. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). Attorney's fees should be calculated through the trial date. *See Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008) (amount in controversy was satisfied where plaintiff sought $49,413.72 for treatment and care and defendant offered evidence that attorney's fees would reach at least $28,000 during litigation); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *7 (finding that plaintiff's attorney's fees through the time of trial amounting to at least $62,500 was reasonable).

29.    Consistent with the case law cited above, Plaintiff's counsel could expend at least 125 hours prosecuting this action, including depositions, written discovery, motion practice, and preparing for and attending a multi-day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least $31,250 in attorney's fees.

### d.    Final Calculation of Amount in Controversy

30.    While Defendant vehemently disputes the allegations in Plaintiff's Complaint, including Plaintiff's claims for damages, based on the above estimates and calculations, it is beyond dispute that Plaintiff's claims for damages for back pay, front

pay, compensatory damages, and attorney's fees exceed the $75,000 amount in controversy jurisdictional threshold for diversity jurisdiction.

### C.    Venue

31.    The United States District Court for the Northern District of Florida, Pensacola Division, encompasses Walton County, where Plaintiff filed her Complaint.  Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

### D.    Timeliness of Removal

32.    Pursuant to 28 U.S.C. § 1446(b), Defendant's deadline to remove this action is within 30 days of Defendant being served with the Complaint. *See* 28 U.S.C. §1446(b); *Baily v. Janssen Pharmaceutical, Inc.,* 536 F.3d 1202, 1205 (11th Cir. 2008) ("[I]nterpret[ing] §1446(b) to permit each defendant thirty days in which to seek removal.").

33.    Defendant was served on December 17, 2025, making the removal deadline January 16, 2026.  This Notice of Removal has been timely filed.

### E.    Notice to State Court and Parties

55.     Pursuant to 28 U.S.C. Section 1446(d), Defendant has provided written Notice of the Removal to all parties in this action and will simultaneously file a copy of this Notice of Removal in the State Court of the First Judicial Circuit in and for Walton County, Florida.

WHEREFORE, Defendant removes the State Court Case to this Court and requests that this Court accept jurisdiction of this civil action to the exclusion of any further proceedings in state court.

DATED this 16th day of January, 2026.

> Respectfully submitted,
>
> JACKSON LEWIS P.C.
> 501 Riverside Avenue, Suite 902
> Jacksonville, FL  32202
> Telephone: (904) 638-2655
> Facsimile: (904) 638-2656
>
> By: */s/ B. Tyler White*
> B. Tyler White
> Florida Bar No. 038213
> Tyler.White@jacksonlewis.com
> Megan.Pina@jacksonlewis.com
> JacksonvilleDocketing@jacksonlewis.com
>
> Zackary A. Blanton, Esq.
> Florida Bar No.: 1049172
> Zackary.Blanton@jacksonlewis.com
> Megan.Pina@jacksonlewis.com
> JacksonvilleDocketing@jacksonlewis.com
> *Attorneys for Defendant*

### CERTIFICATE OF SERVICE

This is to certify that on this 16th day of January, 2026 a true and correct copy of the foregoing pleading has been filed via CM/ECF and served via electronic mail to Marie A. Mattox at Marie@mattoxlaw.com.

> */s/ B. Tyler White*
> Attorney

11